Wi-ialev, Judge,
delivered the opinion of the court:
This case is similar in all respects to the case of Acme Die-Casting Corporation, No. 17330 Congressional, decided this day (ante. p. 415), and is governed by the decision in that case.
The plaintiff, after receiving the commandeer order did not remove from the premises either before or after the order was canceled. It remained in the premises continuously. There is no proof of any value of the taking of the lease during the period from the date of the service of the commandeer order to the receipt of the cancellation order. Therefore compensation for the taking cannot be allowed. There is proof of losses sustained by the plaintiff occasioned by the cancellation of a sublease entered into by plaintiff *446 after the expropriation order had been received and in anticipation of removal. The plaintiff paid $1,710 to be released from this sublease and resumed its tenaey under the original lease. In addition to this sum the plaintiff paid for legal services in connection with the cancelation of this sublease the amount of $200. These amounts are losses sustained by reason of the commandeer order, but are consequential in their nature for which there can be no recovery. William Wrigley, Jr. Co. v. The United States, 75 C. Cls. 569.
The Government had no contract with the plaintiff and therefore no judgment for damages can be awarded.
This cause of action is for the taking of private property for public use and therefore comes within the general jurisdiction of this Court. Barnes v. United States, 46 C. Cls. 7.
The petition is dismissed. It is so ordered.
Williams, Judge; LittletoN, Judge; GreeN, Judge; and Booth, Chief Justice, concur.